IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICTOR MURRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:04-CV-223 |
| | § | |
| SERENA SOFTWARE, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION & ORDER
### DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND
### GRANTING DEFENDANT'S MOTION FOR COSTS & ATTORNEYS' FEES

Before the court is Plaintiff's Motion for Reconsideration of Summary Judgment, Dkt. # 36, Plaintiff's Request for Hearing on Motion for Reconsideration of Summary Judgment, Dkt. # 37, and Defendant's Motion for Costs and Attorneys' Fees, Dkt. # 38.[1]  For the reasons stated below, Plaintiff's motions are DENIED and Defendant's motion is GRANTED.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

On February 28, 2005, this court ordered Plaintiff Victor Murray to pay Defendant Serena Software (Serena) $962 in costs and attorney's fees by March 10, 2005 lest his claims against Serena be dismissed.  Order dated Feb. 28, 2005 at 2.  Serena thereafter informed the court on March 18, 2005 that Murray had not made the payment and moved for a dismissal of his claims.  *See* Def.'s Mot. for Sanctions & Mot. to Dismiss.  After Murray failed to respond to Serena's motion, the court assumed he had no opposition to it and dismissed his claims.  *See* Order Granting Def.'s Mot. for Sanctions & Mot. to Dismiss.  Murray now moves the court for relief from the order of dismissal

---

[1] Defendant filed a response to Plaintiff's motion for reconsideration on May 23, 2005.  Dkt. # 42.  Plaintiff, however, did not respond to Defendant's motion.

under Rule 60(b) of the Federal Rules of Civil Procedure which provides for relief from a court order for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1); Pl.'s Mot. for Reconsideration. He claims that relief is proper under Rule 60(b) because his failure to make the payment constituted an "honest mistake and excusable neglect," in that he simply forgot to make the payment as ordered. Pl.'s Mot. for Reconsideration at 2.

While district courts are generally instructed to construe Rule 60(b) in favor of relief, *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 600 (5th Cir. 1980); *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965), they are similarly instructed to deny relief under Rule 60(b) when the party seeking it exhibited a disregard for the judicial process or a repeated indifference to court orders, *Vela v. Western Electric Co.*, 709 F.2d 375 (5th Cir. 1983); *Dolphin Plumbing Co. v. Financial Corporation of North America*, 508 F.2d 1326 (5th Cir. 1975). In *Vela* and *Dolphin Plumbing*, for example, the Fifth Circuit affirmed the district courts' decisions to deny relief under Rule 60(b) where the parties seeking relief failed to abide by court orders or respond to their adversaries' pleadings. *Vela*, 709 F.2d 375; *Dolphin Plumbing*, 508 F.2d 1326. In doing so, the Court in *Dolphin Plumbing* stated: "Although we are mindful of the strong policy in favor of trial on the merits, we are equally aware of the district court's duty to protect the integrity of the judicial process. This Court will do nothing to sanction abuse of that process, particularly the unexplained failure to obey an order of court." 508 F.2d at 1327.

In light of the principle applied in these cases, the result in the instant case seems largely foreordained. Like the parties seeking relief in *Vela* and *Dolphin Plumbing*, the record before this court reveals that Murray failed to comply with multiple court orders – only the most recent of which

led to the dismissal of his claims.[2] The record before the court reveals similarly that Murray, like the parties seeking relief in *Vela* and *Dolphin Plumbing*, failed to respond to a number of his adversary's motions – one being a dispositive motion and another being presently before the court.[3] Finally, even Murray's present motion for reconsideration evidences an inattention to an order of this court, as it seeks relief from an order granting Serena's motion for summary judgment. *See* Pl.'s Mot. for Reconsideration at 1. Had Murray reviewed the record in this case more carefully, however, he would have realized that Serena's motion for summary judgment was in fact *denied* by this court. *See* Order Granting Def.'s Mot. for Sanctions & Mot. to Dismiss at 2. It is accordingly this pattern of disregard for the judicial process and indifference to court orders that persuades the court to deny Murray's motion for reconsideration.

## DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES

The final matter before the court is Serena's motion for costs and attorneys' fees. On April 25, 2005, the court granted Serena's request to allow Serena to submit a motion for costs and attorneys' fees under Rule 54(d) of the Federal Rules of Civil Procedure. Serena did so on May 16, 2005. In its motion, Serena seeks to recover $35,947.50 in attorneys' fees and $1,468.24 in costs. After reviewing the itemized bill of costs submitted with Serena's motion and the affidavit of William Davis, lead counsel for Serena, and noting that Murray failed to file a response to Serena's

---

[2] The record in this case reveals that Murray failed to comply with four separate orders by (1) failing to assist in the preparation of the written joint pretrial report, as ordered by the court on August 19, 2004, Dkt. # 3; (2) failing to make pretrial disclosures by March 15, 2005, as ordered by the court on October 21, 2005, Dkt. # 10; (3) failing to pay Serena $750 in attorney's fees, as ordered by the court on December 16, 2004, Dkt. # 12; and (4) failing to pay Serena $962 in costs and attorney's fees by March 10, 2005, as ordered by the court on February 28, 2005, Dkt. # 22.

[3] The record reveals that Murray failed to respond to Defendant's (1) Motion to Compel Plaintiff to Return Property, filed November 16, 2004, Dkt. # 11; (2) Second Motion for Sanctions and Motion to Dismiss, filed March 18, 2005, Dkt. # 25; and (3) Motion for Costs and Attorneys' Fees, filed May 16, 2005, Dkt. # 38.

motion, the court finds that the costs and attorneys' fees requested by Serena are reasonable and necessary. Serena's motion for costs and attorneys' fees is accordingly granted.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is denied and Defendant's motion for costs and attorney's fees is granted. Plaintiff is accordingly ordered to pay Defendant $37,415.74 within two weeks of the date of this order.

**SIGNED this the 24th day of February, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE